THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
FLORENTINO SOTO PÉREZ, Defendant and Appellant.

No. 9773.   Argued February 2, 1943.—Decided March 9, 1943.

*Adolfo García Veve* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was charged with possession of a revolver without having declared it in writing with the District Chief of Police, in violation of §7 of Act No. 14, Laws of Puerto Rico, 1936 (p. 121), as amended by Act No. 95, Laws of Puerto Rico, 1937 (p. 231). He was convicted by the district court and sentenced to six months in jail. The case is before us on appeal from that sentence.

The theory of the defense was that no violation of the Act in question was committed because the revolver involved herein did not belong to the defendant, but to a man

named Roberto Maldonado, in whose name it was registered; and that the possession thereof by the defendant was of such a casual nature that there was no obligation on his part to register it.

One of the witnesses for the government testified that about eight thirty in the morning he saw the defendant firing a revolver at Pedro Ayala. This witness, stating that he was 60 meters from defendant at the time of the shooting, described the revolver as "more or less of 38 caliber" with a mother-of-pearl butt. A second witness testified that shortly thereafter the defendant came into his store leaving with him a paper bag which he stated contained a revolver; that at noon the defendant returned for the package; and that the witness never actually saw the revolver. It was established that no revolver was registered in the name of the defendant. No revolver was introduced by the government as the alleged unregistered revolver.

The defense was that the revolver with which the defendant did the shooting was a revolver belonging to Roberto Maldonado which the defendant was engaged in delivering to Maldonado after it had been repaired by the defendant's nephew. The lower court apparently concluded that "Maldonado's revolver, which was introduced in evidence, was not the revolver with which the defendant had done the shooting. The government having made out a *prima facie* case (See *People* v. *García,* 59 P.R.R. 502, involving the carrying of a prohibited weapon), we see no basis on which we can reverse the conviction in this case by relying on testimony to which the trial court gave no credence.

In view of the facts that the minimum sentence provided by the statute as it then read was imposed by the district court, we shall, for the reasons stated in *People* v. *Otero,* 61 P.R.R. 33, in the exercise of our discretion, grant the petition of the defendant to reduce the sentence to the minimum period now provided by law.

The judgment will be modified by reducing the sentence to one month in jail. As thus modified, the judgment of the district court will be affirmed.